United States Bankruptcy Court
Eastern District of Virginia
Alexandria Division

| | |
|---|---|
| In RE:<br>Wegen Tadesse<br>Debtor | BCN#: 16-13082-KHK<br>Chapter: 13 |

Federal National Mortgage Association
c/o Seterus, Inc.
    Movant/Secured Creditor,

v.

Wegen Tadesse
Debtor
and
Thomas P. Gorman
    Trustee
    Respondents

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter came upon the Motion of Federal National Mortgage Association c/o Seterus, Inc., for relief from the automatic stay, with respect to the real property located at 1330 South Glebe Road, Arlington, Virginia 22204 and more particularly described as follows:

> Lot Twelve (12) of the Subdivision of "E.A. Elliotts Addition to New Arlington," as the same is duly platted, dedicated and recorded among the Land Records of Arlington County, Virginia, in Deed Book 344 at Page 494.
>
> Less and Except 1,149 square feet conveyed to the Commonwealth of Virginia by Deed August 23, 1949 and recorded in Deed Book 892 at Page 324 among the Land Records of said County, together with a right and easement to use such additional area as may be necessary for the proper construction and maintenance of a pipe as indicated in said Deed.

UPON consideration of which, it is ORDERED:

1. That debtor will resume making regular monthly installment payments in the amount of $1,845.63, pending further notice from the mortgage company, as they become due commencing in May, 2018.

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

2. That debtor has been made aware of settlement of the Motion for Relief from Stay, and will cure the post-petition mortgage payments owed for the months of April, 2017 through April, 2018 sub-totaling $23,631.01 and its attorney's fees and court costs of $1,031.00, total to cure $24,662.10 by amending its Chapter 13 plan which will include provision of payment of the Plaintiff's existing post-petition arrearages to be paid in full as an allowed secured claim together with Plaintiff's existing unpaid arrearage claim. Movant shall amend the existing prepetition claim within sixty (60) days from the date of Order entry. Should the Debtor (a) fail to timely file an Amended Chapter 13 Plan within thirty (30) days of entry of this Order, or (b) should, after filing the Amended Chapter 13 Plan, the same not be confirmed, then relief from automatic stay of 11 U.S.C. 362 is, by this Order, automatically granted to the Plaintiff, its successors or assigns, without further order of the Court so as to allow Plaintiff, its successors or assigns, to proceed under state law to enforce the lien of its deed of trust.

3. In the event that any payment required by this Order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the debtor by first class mail, postage prepaid (and, if it desires, also by certified or registered mail), with a copy to debtor`s counsel and the trustee by first class mail, postage prepaid, or by e-mail at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language:

   a. That the debtor is in default in making at least one payment required under this order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
      i. cure the default;

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

   ii. file an objection with the Court stating that no default exists; or

   iii. file an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;

 e. That if the debtor or trustee does not take one of the actions set forth in paragraph 4(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the debtor; and

 f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor`s counsel and the trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

 4. The provisions of this Order with respect to regular monthly installment payments expire one year after the date of the entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this Order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

 5. Until an Order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

 6. The automatic stay is modified to permit the noteholder or servicing agent to send

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $75.00 for issuance for a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

8. Once the debtor makes all stipulated payments and the regular monthly mortgage payments during the cure period as required in the Order, than all monthly payments, costs, fees, and late charges shall be deemed current from the date of filing of the bankruptcy through the date of the entry of the Order.

9. By endorsement of this Order, counsel for the debtor affirmatively represents that the Debtor has been advised of the terms of this agreement.

10. That while this Chapter 13 case remains open, the Movant shall promptly notify the Court and the Chapter 13 Trustee in writing of the results of any foreclosure of the subject property and pay the Chapter 13 Trustee any excess funds received from foreclosure sale, to be disbursed upon agreement with the Debtor or upon further order of the Court.

DONE at Alexandria Division, Virginia this ____ day of _____, 2018.
May 4 2018

/s/ Klinette Kindred

United States Bankruptcy Court EASTERN District of Virginia

Entered on Docket: May 4, 2018

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

I ASK FOR THIS:

 /s/ Jon M. Ahern\
Jon M. Ahern, Counsel for Movant

SEEN AND AGREED:

 /s/ Tommy Andrews, Jr.\
Tommy Andrews, Jr., Attorney for Debtor(s)

SENN WITH RESERVATION OF\
RIGHT TO OBJECT TO MODIFIED\
PLAN:

 /s/ Thomas P. Gorman\
Thomas P. Gorman, Trustee

### CERTIFIATION

 The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

      /s/ Jon M. Ahern\
      Jon M. Ahern, Esq.\
      VSB # 018218

### CERTIFICATION

 I hereby certify that pursuant to Local Rule 9022-1(c)(1) that all necessary parties have endorsed the foregoing proposed Order and that the Order is ready for entry.

      /s/ Jon M. Ahern\
      Jon M. Ahern, Esq.\
      VSB # 018218

Will the Clerk please send copies of this Order in electronic format to all parties who are listed on the ECF system and to:

Wegen Tadesse\
1330 South Glebe Road\
Arlington, VA 22204

Jon M. Ahern, Esquire\
State Bar Association No: 018218\
Sykes, Bourdon, Ahern & Levy, P.C.\
281 Independence Boulevard\
Pembroke 1 Building, Fifth Floor\
Virginia Beach, VA 23462\
757-499-8971